NO. 07-06-0170-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 2, 2006


______________________________



JUAN DOMINGO RODRIGUEZ, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 17,512-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ORDER


 Appellant Juan Domingo Rodriguez, Jr. timely gave notice of appeal from his
conviction for driving while intoxicated. 

 We abated the appeal and remanded the cause to the trial court on July 13, 2006
because the trial court clerk's record had not been filed. Following a hearing on July 28,
the trial court determined that appellant was not indigent, was represented on appeal by
retained counsel and wanted to proceed with his appeal. At the conclusion of the hearing,
the trial court stated to appellant's counsel that, in view of the delay that already had
occurred, the court "would advise you very strongly to get that brief written and get it in on
time pursuant to the Rules." Counsel responded, "Yes, sir."

 We reinstated the appeal on August 3, 2006. The clerk's and reporter's records
were filed in August and September, respectively, and we notified counsel by letter as each
was filed. Appellant's brief was due to be filed on October 6, 2006. No brief was received. 
We notified counsel by letter dated October 13 of that fact, and advised him that further
action would be taken unless the brief or other response to our letter was received by
October 23, 2006. (1) No response has been received. 

 Rule of Appellate Procedure 38.8 provides for remand of the cause to the trial court
for a hearing when the appellant in a criminal appeal fails to file a brief timely. Tex. R. App.
P. 38.8(b)(2). Because we remanded this appeal for a hearing only about four months
ago, and because the trial court then made findings of fact addressing most (2) of the factual
matters that would be addressed under Rule 38.8(b)(2) if we remanded it again now, we
conclude that remand for a hearing is not appropriate at this time. Accordingly, pursuant
to Rule of Appellate Procedure 2, we order a different procedure, and issue this order.

 Appellant's counsel, Steven Lafuente, is directed to file a brief for appellant,
prepared in accordance with the Texas Rules of Appellate Procedure, and submitted so
as to be received by the clerk of this Court no later than 5:00 p.m. local time on Monday,
November 13, 2006. If Attorney Lafuente fails to comply with this order, the Court will take
further action, which may include remand of the appeal to the trial court pursuant to Rule
of Appellate Procedure 38.8, the initiation of contempt proceedings pursuant to Rule of
Appellate Procedure 38.8(b)(4), or other appropriate sanctions. 

 It is so ordered. 


 Per Curiam


Do not publish. 
1. Our letter advised counsel that the further action would consist of abatement of the
cause to the trial court pursuant to Rule of Appellate Procedure 38.8. For the reasons
discussed in this order, we conclude that procedure is unnecessary at this time. 
2. On remand, we did not ask the trial court to determine whether retained counsel
had abandoned the appeal, but the testimony the trial court received at its July 28 hearing
makes plain that counsel had not then abandoned the appeal. 



 margin-bottom: 0.104167in"> 
 
                                                                Per Curiam